ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| JESÚS RODRÍGUEZ RODRÍGUEZ Y OTROS<br><br>Peticionario<br><br>v.<br><br>FRANCISCO CARLOS CABRERA Y OTROS<br><br>Recurrido | **KLCE202400972** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Rio Grande<br><br>Civil Núm.: RG2022CV00558<br><br>Sobre: Acción Reivindicatoria y de Deslinde de Propiedad |

Panel integrado por su presidente, el Juez Bonilla Ortíz, el Juez Salgado Schwarz y el Juez Pagán Ocasio.

Bonilla Ortiz, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico a 17 de octubre de 2024.

Comparece ante este foro, el Sr. Jesús Rodríguez Rodríguez, su esposa Juanita Cartagena Torres y la Sociedad Legal de Gananciales compuesta por ambos (señor Rodríguez o "los peticionarios") y nos solicitan que revisemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo, notificada el 20 de mayo de 2024. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* a la solicitud de extensión de término presentada por los peticionarios, por lo que, determinó dar por renunciada la prueba pericial de su parte.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** expedir el auto de *certiorari*.

---

[1] En virtud de la Orden Administrativa OATA-2024-098, se designa al Hon. Carlos G. Salgado Schwarz en sustitución de la Hon. Olga E. Birriel Cardona.

Número Identificador
RES2024 _____

**I.**

El 16 de diciembre de 2022, los peticionarios presentaron una *Demanda* sobre reivindicación y deslinde contra Francisco José Carlos Cabrera (señor Francisco Carlos), su esposa Ileana Pons Anca, la Sociedad Legal de Gananciales compuesta por ambos, Ramón Rubén Carlos Cabrera (señor Ramón Carlos) entre otros de nombres desconocidos (en conjunto, "parte recurrida").[2]  En esencia, alegaron que el señor Rodríguez es el dueño de 9.25 cuerdas de terreno en el Bo. Zarzal de Río Grande, de 18.5 cuerdas que pertenecieron a su abuelo, el Sr. Bartolo Rodríguez, quien las dejó en herencia a sus hijos.  No obstante, sostuvieron que, para el mes de septiembre del 2021, advinieron en conocimiento que la parte recurrida estaba invadiendo su propiedad, por lo que, les solicitó desistieran de los trabajos y daños ocasionados a la propiedad.  Indicaron que, el señor Francisco Carlos le expresó que la finca era de su propiedad, sin embargo, no le mostró prueba de la alegada titularidad.

Añadió que, presentó dos (2) querellas, una ante el Departamento de Recursos Naturales y la otra ante la Junta de Planificación adscrita a la Oficina de Gerencia de Permisos.[3]  Finalmente, solicitó el cese de las obras de construcción; que entregaran la finca en el mismo estado que se encontraba antes de su incursión; compensación en daños y perjuicios; y temeridad.  En la alternativa, solicitó el deslinde de las propiedades.

Luego de varias incidencias procesales, el 29 de junio de 2023, el señor Francisco Carlos presentó su

---

[2] *Demanda*, anejo I, págs. 1-6 del apéndice del recurso.
[3] *Junta de Planificación v. Francisco José Carlos Cabrera, Ileana Pons Anca, y Ramón Rubén Carlos Cabrera*, Q 2022-SRQ-009295.

*Contestación a Demanda y Reconvención*.[4]  En la misma fecha, el señor Ramón Carlos también presentó su *Contestación a Demanda y Reconvención*.[5]  En síntesis, arguyeron que eran los dueños de la finca que estaban construyendo.  Asimismo, entre las defensas afirmativas indicaron que el peticionario ha sido negligente al no haber realizado un estudio de título de las propiedades contiguas.  A su vez, que el señor Rodríguez no tiene capacidad para presentar la demanda de deslinde al no ser el dueño ni poseedor de los predios que colinda con su finca.  Por último, en sus reconvenciones solicitaron, entre otras cosas, gastos del pleito, más daños y perjuicios.

El 6 de diciembre de 2023, fue celebrada una *Conferencia sobre Estado de los Procedimientos*.[6]  En esta, el representante legal del peticionario indicó que las partes habían iniciado el descubrimiento de prueba, sin embargo, estaba pendiente un dato del plano de mesura, y que necesitaban localizar un nuevo perito.  Por ello, solicitó un término de 60 días.  Así las cosas, el foro primario determinó lo siguiente:

1. La parte demandante tendrá 60 días para informar las gestiones realizadas y en 90 días el nombre del agrimensor y presentar su informe pericial.

2. La parte demandante tiene que coordinar con la parte demandada la inspección preliminar a la propiedad a realizar por el nuevo agrimensor y se tiene que avisar al dueño o persona encargada de la finca.

3. […]

---

[4] *Contestación a Demanda y Reconvención*, anejo II, págs. 7-13 del apéndice del recurso.
[5] *Contestación a Demanda y Reconvención*, anejo III, págs. 14-18 del apéndice del recurso.
[6] *Minuta*, anejo __, pág. 20 del apéndice del recurso.

Posteriormente, el 12 de marzo de 2024, se continuó la vista sobre el estado de los procedimientos.[7] Al finalizar la vista, el foro *a quo* indicó que le concedía un término perentorio de 20 días a los peticionarios para que concluyeran la contratación del perito. A su vez, le concedió 45 días para realizar la agrimensura con todas las partes. Por ello, expresó que, una vez transcurra el término, dará por renunciada la prueba pericial de los peticionarios.

El 30 de abril de 2024, el señor Rodriguez presentó una *Moción Informativa, Solicitud de Término para Someter Mensura Certificada y Solicitud de Transferencia de Vista con Antelación al Juicio*.[8] En esta, solicitó un término de 30 días para que el perito agrimensor pudiera llevar a cabo la mensura.

El 7 de mayo de 2024, los recurridos presentaron *Moción en Cumplimiento de Orden Expedita*.[9] En síntesis, alegaron que los peticionarios habían solicitado extender el término para someter el deslinde en tres (3) ocasiones. Asimismo, esbozaron que los 90 días autorizados por el Tribunal, el 6 de diciembre de 2023, para que ejecutaran el deslinde conforme a la Ley, expiraron el 5 de marzo de 2024. Añadieron que, no fue hasta la vista del 12 de marzo de 2024, que los peticionarios indicaron que no tenían perito, ni el deslinde ordenado. Así las cosas, solicitaron que ante el incumplimiento de los peticionarios prohibiera la presentación de la evidencia pericial, impusiera una

---

[7] *Minuta,* anejo __, págs. 24-25 del apéndice del recurso.
[8] *Moción Informativa, Solicitud de Término para Someter Mensura Certificada y Solicitud de Transferencia de Vista con Antelación al Juicio*, anejo __, págs. 26-28 del apéndice del recurso.
[9] *Moción en Cumplimiento de Orden Expedita*, anejo __, págs. 29-34 del apéndice del recurso.

sanción de $12,000.00 por los gastos incurridos, y desestimara la demanda.

En respuesta, el 9 de mayo de 2024, los peticionarios presentaron su *Réplica a Moción en Cumplimiento de Orden*.[10] En esencia, plantearon que hicieron múltiples gestiones para contratar a un agrimensor, puesto que, el que tenían renunció y al conseguir otro, solicitaron una extensión de término para que se pudiera llevar a cabo el deslinde y así someter el informe. De otra parte, reiteraron que la demanda se hubiera evitado si los recurridos hubiesen realizado un plano de mensura por un agrimensor certificado. Finalmente, esbozaron que no procedía la imposición de una sanción por solicitar tiempo para conseguir un perito y éste pudiera concluir su trabajo.

El 13 de mayo de 2024, fue celebrada una *Conferencia con Antelación a Juicio y Vista Transaccional*.[11] Conforme surge de la *Minuta*, el foro primario determinó lo siguiente:

> Indica que la mensura debió haberse concretado desde el comienzo del caso para poder disponer si se cumplió con los requerimientos de una acción de deslinde. Del expediente electrónico se desprende que la parte demandante ha tenido tiempo suficiente de mostrar interés en su causa de acción.
>
> Dicho esto, para el 7 de diciembre de 2023 se había ordenado la contratación de un perito y la presentación de su informe en 90 días, según minuta de ese día. La parte demandante no cumplió y en la vista del 12 de marzo de 2024, se trajo a colación el atraso en los procedimientos y se le apercibió a la parte demandante que debía mostrar interés en su caso, tomando en cuenta todo lo que le había sido ordenado.
>
> Aun así, le fue concedido el término de 20 días para contratar perito y cursar su

---

[10] *Réplica a Moción en Cumplimiento de Orden*, anejo ___, págs. 35-49 del apéndice del recurso.
[11] *Minuta*, anejo __, págs. 63-64 del apéndice del recurso.

*curriculum vitae.* En adición, se otorgaron 45 días perentorios para culminar el acto de mensura, bajo el apercibimiento que, de no cumplir, se daría por renunciada la prueba pericial de la parte demandante.

Continúa el Tribunal manifestando que hoy la parte demandante comparece solicitando 30 días adicionales, a los ya otorgado, para realizar el acto de mensura trayendo esto como resultado que no se pueda atender la Conferencia con Antelación al Juicio.

En vista de lo expresado, **el Tribunal declara NO HA LUGAR la solicitud de extensión de término presentada por la parte demandante y determina dar por renunciada la prueba pericial por su parte.**

**Siendo esto así, la parte demandante tiene el término final de 10 días para que muestre causa de porque no se deba desestimar la demanda sin perjuicio.** (Énfasis en el original).

En desacuerdo, el 23 de mayo de 2024, los peticionarios presentaron una *Moción en Cumplimiento de Orden y Solicitud de Reconsideración.*[12] Arguyeron que, desde abril de 2024, tenían contratado a un perito agrimensor y que habían solicitado un término adicional era para que pudiera concluir su trabajo. Añadieron que, han intentado de buena fe cumplir con los términos dados por el tribunal y el desestimar o penalizarlos constituiría un abuso de discreción. El 10 y 11 de junio de 2024, los recurridos presentaron su oposición a la moción de reconsideración.[13]

El 9 de agosto de 2024, el foro primario notificó una *Resolución.*[14] En esta, concluyó que la moción de reconsideración presentada por los peticionarios no expuso con suficiente particularidad y especificidad los hechos y el derecho que la parte estimaba el foro debió

---

[12] *Moción en Cumplimiento de Orden y Solicitud de Reconsideración*, anejo ___, págs. 65-67 del apéndice del recurso.
[13] *Oposición a Moción de Reconsideración* y *Moción Uniéndose a Oposición a Moción de Reconsideración*, anejo __, págs. 68- 70 del apéndice del recurso.
[14] *Resolución*, anejo __, págs. 71-72 del apéndice del recurso.

reconsiderar. A su vez, que tampoco estaba fundada en cuestiones sustanciales, relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales que permitieran variar la decisión. Como consecuencia, declaró *No Ha Lugar* la moción de reconsideración.

Aún inconforme, el 9 de septiembre de 2024, el peticionario presentó el recurso de epígrafe, mediante el cual sostuvo que el foro primario cometió los siguientes errores:

> PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL DECLARAR "RENUNCIADO" EL DERECHO DEL PETICIONARIO A PRESENTAR PRUEBA PERICIAL - ES DECIR, EL PLANO DE MENSURA Y EL TESTIMONIO DE AGRIMENSOR- EN UN CASO DE DESLINDE Y ACCIÓN REIVINDICATORIA LO CUAL VIOLA EL DERECHO FUNDAMENTAL DEL PETICIONARIO A SER OÍDO.

> SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL IMPONER UNA SANCIÓN DESPROPORCIONADA AL PETICIONARIO; EQUIVALENTE A UNA DESESTIMACIÓN.

El 17 de septiembre de 2024, el señor Rodríguez presentó una Moción en Auxilio de Jurisdicción. Al día siguiente, emitimos una *Resolución* mediante la cual concedimos un término de cinco (5) días a la parte recurrida para que se expresara sobre la referida moción de auxilio y sobre el recurso de *certiorari*.

El 20 de septiembre de 2024, los recurridos presentaron una *Moción con Relación a Resolución*, mediante la cual indicaron que los peticionarios no le habían notificado la moción en auxilio de jurisdicción y tampoco el apéndice del recurso. Solicitaron un término para expresarse.

Posteriormente, el 30 de septiembre de 2024, los recurridos presentaron su *Memorando en Oposición a Expedición del Auto.*

Así las cosas, con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

**II.**

**-A-**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de certiorari de forma discrecional. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece las instancias en las que el foro revisor posee autoridad para expedir un auto de certiorari sobre materia civil. *Scotiabank v. ZAF Corporation, et als.*, 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorari* que trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. *Mun. de Caguas v. JRO Construction*, 201 DPR 703 (2019). Nuestro rol al atender recursos de *certiorari* descansa en la premisa de que es el foro de instancia quien está en mejor posición para resolver controversias interlocutorias, o de manejo del caso, y en la cautela que debemos ejercer para no

interrumpir injustificadamente el curso corriente de los pleitos que se ventilan ante ese foro. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008).

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de certiorari.

Reiteradamente, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción "es el más poderoso instrumento reservado a los jueces". *Rodríguez v. Pérez*, 161 DPR 637, 651 (2004); *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981). La discreción se refiere a "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción." *Citibank et al. v. ACBI et al.,* 200 DPR 724, 735 (2018); *García López y otro v. ELA,* 185 DPR 371 (2012). En ese sentido, ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Íd.; Medina Nazario v. McNeil Healthcare LLC,* supra, pág. 729. Lo anterior "no significa poder actuar en una forma u otra, haciendo abstracción del resto del Derecho." *Hietel v. PRTC*, 182

DPR 451, 459 (2011); *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001); *Bco. Popular de PR v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997). Ello, ciertamente, constituiría un abuso de discreción.

En ese sentido, el Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia." *Citibank et al. v. ACBI et al.,* supra, pág. 735. Cónsono con ello, es norma reiterada que este tribunal no intervendrá "con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto." *Íd.*, pág. 736. Véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**-B-**

El procedimiento para llevar a cabo el descubrimiento de prueba está regido por las Reglas de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R 23.1 (2009). El descubrimiento de prueba es "la médula del esfuerzo de destruir de una vez y para siempre la deportiva teoría de justicia que tanta mina la fe del pueblo en el sistema judicial." *McNeil Healthcare, LLC v. Municipio de Las Piedras*, 2060 DPR 659, 672 (2021), *Rivera et al. v. Arcos Dorados et al.*, supra; *Alvarado v. Alemany*, 157 DPR 672, 682 (2002). El descubrimiento

de prueba es el mecanismo utilizado por las partes para "obtener hechos, título, documentos u otras cosas que están en poder del demandado o que son de su exclusivo conocimiento y que son necesarias [...] para hacer valer sus derechos." (citas omitidas).

Los foros primarios gozan de amplia discreción para regular el descubrimiento de prueba, por lo que los foros apelativos no deben intervenir con dicha discreción, salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 154-155 (2000). Este criterio también concierne a la intervención de los foros apelativos con las determinaciones interlocutorias de los tribunales de primera instancia. *McNeil Healthcare, LLC v. Municipio de Las Piedras,* 2060 DPR 659, 672 (2021); *Meléndez v. Caribbean Int'l. News,* 151 DPR 649, 664 (2000).

De la misma forma, en términos generales, el propósito del descubrimiento de prueba es: (1) delimitar las controversias; (2) facilitar la consecución de evidencia; (3) evitar las sorpresas en el juicio; (4) facilitar la búsqueda de la verdad, y (5) perpetuar la prueba. Véase, R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 2802, págs. 333-334. Es por ello, que nuestro Máximo Foro Judicial ha reiterado que el alcance del descubrimiento de prueba es amplio y liberal. *Cruz Flores v. Hospital Ryder Memorial Inc.* 210 DPR 465, 29 (2022). *McNeil Healthcare v. Mun. Las Piedras II,* 206 DPR 659, 672 (2021); *Scotiabank v. ZAF Corp. et al.,* 202 DPR 478, 490 (2019); *Casasnovas et al. v. UBS Financial et al.,* 198 DPR 1040, 1054 (2017).

Ese alcance amplio y liberal claramente propende a que, mediante el buen uso del descubrimiento, se aceleren "los procedimientos, se propicien las transacciones y se eviten las sorpresas indeseables durante el juicio. *McNeil Healthcare v. Mun. Las Piedras II,* supra. De igual forma, el Tribunal Supremo de Puerto Rico ha expresado que los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. *Cruz Flores v. Hospital Ryder Memorial Inc.,* supra.

Consecuentemente, en la Regla 23 de Procedimiento Civil, *supra*, establece los parámetros que regulan el descubrimiento de prueba en los casos civiles. Específicamente, el inciso (a) de la Regla 23.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 23.1(a), dispone que las partes en litigio podrán indagar "sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente […]." *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 21 (2023).

El Tribunal Supremo de Puerto Rico ha sido enfático, que dentro del descubrimiento de prueba existen dos limitaciones: (1) pertinencia y (2) materia privilegiada. Nuestro más alto Foro, ha expresado que la prueba pertinente es la que produzca o pueda producir, entre otras:

> […] (a) prueba que sea admisible en el juicio; (b) hechos que puedan servir para descubrir evidencia admisible; (c) datos que puedan facilitar el desarrollo del proceso; (d) admisiones que puedan limitar las cuestiones realmente litigiosas entre las partes; (e) datos que puedan servir para

impugnar la credibilidad de los testigos; (f) hechos que puedan usarse para contrainterrogar a los testigos de la otra parte; (g) nombres de los testigos que la parte interrogada espera utilizar en el juicio. *McNeil Healthcare*, supra, a la pág., 674; *Berrios Falcon v. Torres Merced*, 175 DPR 962, 972 (2009) *Sierra v. Tribunal*, 81 DPR 554, 573 (1959). *E.L.A. v. Casta*, 162 DPR 1, 13 (2004). *Alvarado v. Alemañy*, 157 DPR 672, 683 (2002), citando a García *Rivera et al. v. Enríquez*, 153 DPR 323,334 (2001).

## III.

En el caso de autos, en esencia, los peticionarios aducen que el foro primario abusó de su discreción al declarar como renunciado su derecho a presentar prueba pericial, lo que equivale a una desestimación.

De otra parte, los recurridos sostienen que los peticionarios continuaron incumpliendo con las órdenes del foro recurrido, por lo que, no hubo prejuicio, parcialidad o error craso por parte del foro *a quo*.

Tras un análisis objetivo, sereno y cuidadoso de la petición de *certiorari*, a la luz de los criterios esbozados tanto en la Regla 52.1 de Procedimiento Civil, *supra*, como en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos abstenernos de ejercer nuestra función revisora. A nuestro juicio, no encontramos motivo o error alguno que amerite nuestra intervención con el manejo del caso que ha establecido el foro primario.

Recalcamos que, según dicta la norma, los foros revisores reconocemos amplia discreción a los foros de primera instancia para determinar el modo en que manejan los casos ante su consideración.

Al examinar los argumentos de las partes y la determinación del foro primario, no identificamos fundamentos jurídicos que nos muevan a expedir el auto

de *certiorari*. Los peticionarios tuvieron tiempo suficiente y amplias oportunidades para cumplir con las órdenes del foro primario y éstas no fueron cumplidas.

Ante ello, y en virtud de la Regla 40 de este Tribunal, denegamos el presente auto de *certiorari*.

**IV.**

Por los fundamentos antes expuestos, **DENEGAMOS** expedir el recurso de epígrafe.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones